Your Honor, this is the son. I am the attorney also for the petitioner. His name is Vyacheslav Mikhailouk and he is the son of the main petitioner in this case, Elena Mikhailouk-Chipur. Most of everything that we've discussed today, I certainly wanted to have the opportunity to speak and to answer any other questions that you may have, but his claims are truly derivative to that of his family and he was the victim of the most brutal of attacks as reflected in the record. One central issue which is not in the record is the fact that he is now married to a U.S. citizen and unbeknownst to me, he has even attended an interview with the immigration authorities that have granted him the right to have permanent residence in the United States until they found out that this case was before the Ninth Circuit. So that would, I'm just giving that as information to you and it would be something that I would be speaking to the government about. Well, I mean, he can, now he's married to a U.S. citizen and how long has he been married to a U.S. citizen? He's been married for almost eight months now and it's a good faith marriage because I personally attended their wedding. Well, you know, that's nice of you. There's a form you need to file. They have filed all the appropriate forms. They have been interviewed by the former INS. They've had the interview. Yes, sir. And they've even taken his fingerprint and made him sign on the line that says, this is your green card and then they walked out of the office for 20 minutes and says, we're going to report this to the Ninth Circuit because we don't have jurisdiction to decide this matter. Who? The USCIS, the United States Citizenship and Immigration Services, former INS. Say that again. They don't have jurisdiction to do what? They don't have jurisdiction to grant him permanent residence in the United States since we are no longer in an administrative process because we are in front of this court. So if he wins and loses and the case is over, how does that affect coming in in another way? That's not true. I would agree with, thank you. I heard from the government's lawyer. Okay. That's not true. It is not my understanding, that sounds unfamiliar to me too, that they would not be able to respond on that particular track. I have found out about the possibility of this being true today. I don't have any other information to be able to respond and say that that's definitely the case. But as it sounds unfamiliar to your ear, it also sounds unfamiliar to mine as well, Your Honor. Because I've had other cases where that's come up. I believe the proper remedy would be to file a motion for remand to ask the board to have the immigration judge consider the equities of their marriage and whether or not it's bona fide. But it's not a process by which this court would review the validity of their marriage. No, no. Why not review the validity of their marriage? We just have to rule on this. Yes. All right. Thank you. Okay. Is it the son who was the Navy captain? Your Honor, the husband was a Navy captain. Where is he? The husband is sitting right there. That's the husband? Yes, sir. And that's Elena Michaluk. What's the husband's status? The husband is pending political asylum as a derivative of his wife's case. Say that again? The husband is pending political asylum. He is before this court on a petition for review, just like his wife. He is a derivative of her case. So the two together? Yes. So is the boy? The son. The son is together as far as the facts and circumstances that led up to filing for asylum. But he's independent because he's over 21. I got it. Thank you. Thank you, Your Honors. The case is submitted. And now we go to United States v. Power.
judges: Pregerson, Ferguson, Callahan